Filed 7/28/26  Wooten v. County of San Bernardino CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| NICOLE ELIZABETH WOOTEN, | D087155 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. CIVSB2300126) |
| COUNTY OF SAN BERNARDINO, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Khymberli S. Y. Apaloo, Judge.  Affirmed.

Wilshire Law Firm, Sutton Adam Shapiro, for Plaintiff and Appellant.

Office of the San Bernardino County Counsel and Hayden Timothy Traver, Deputy County Counsel, for Defendant and Respondent.

Appellant Nicole Elizabeth Wooten appeals from summary judgment granted to the County of San Bernardino (County) on the ground that "the undisputed facts demonstrate that trail immunity under Government Code

section 831.4 is a complete defense to [Wooten's] claim against the County." The court found that Wooten was "on a trail used to reach a recreational activity when [she] became injured."

Wooten does not challenge any basis of the court's ruling but instead raises an issue that she failed to properly present to the court below, and relies on evidence she never presented to the court below. Accordingly, we conclude Wooten has waived this issue on appeal and decline to consider it further.

Summary judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

On June 11, 2022, Wooten went to the Glen Helen Regional Park (Park) to attend a concert at the Glen Helen Amphitheater (Amphitheater) within the Park. Wooten and three friends took a rideshare service to the northwest edge of the Park, arriving at about 6:00 p.m. They walked along a pedestrian walkway (Walkway) to reach the Amphitheater.

The Walkway's surface was part asphalt and part dirt. While walking, Wooten stepped onto an uneven part where the asphalt met the dirt. Her right ankle turned to the side, and Wooten tried to shift to her left foot, but she fell forward, striking her left knee, left elbow, and face. She had a bloody gash in her nose, there was gravel embedded in her knee and elbow, and her ankle hurt. Her friends helped her walk to the Amphitheater to get help. Wooten departed the Amphitheatre by a different route to avoid using the Walkway.

The Walkway was located within the Park and was used by park guests to access the amenities within the Park. Amenities at the Park included Glen Helen Lake, the Glen Helen Swimming Complex, picnic areas, children's jungle gyms, and the Amphitheater. The Amphitheater was the

2

largest outdoor music venue in the United States. The orchestra, loge and box sections held over 10,000 guests, while the lawn held over 54,000 guests. Hundreds of thousands of guests visited the Amphitheater every year, with a great number of those guests traveling on the Walkway where Wooten fell. The Walkway was the main route to reach parking lots to the north and west of the Amphitheater. The Walkway was bordered by chain-link fencing on both sides.

Live Nation leased portions of the Park from the County. The lease covered the Amphitheater, open space, seating, a building, and parking lots. The lease between the County and Live Nation required the County to maintain the Walkway. The County's employees had filled in portions of the Walkway, including the area where Wooten fell, with decomposed granite soil in May 2022, in preparation for the summer concert series.

After her fall, Wooten filed a claim with the County which the County denied. Wooten filed suit against Live Nation for premises liability and the County for a dangerous condition of public property.

The County moved for summary judgment, asserting the Walkway was not a dangerous condition of public property and claiming the defense of trail immunity under Government Code section 831.4.

In her opposition papers Wooten raised the following arguments: questions of fact existed whether the Walkway constituted a dangerous condition of public property, and trail immunity did not apply because: (1) the County's failure to plead trial immunity as an affirmative defense in its answer operated as a waiver of the defense; (2) she paid for a ticket to attend the concert and Civil Code section 846 offered an exception to immunity where permission to enter a property for recreational purposes was granted for consideration; and (3) "substantial commercial activity is associated with

3

the Amphitheatre making trail immunity inapplicable." She supported her arguments by asserting as disputed material facts that: she purchased "VIP tickets" to attend the concert, this was her first time on the Walkway, the County failed to plead trail immunity as an affirmative defense in its answer, the broken asphalt existed since 2019, and Live Nation had previously asked the County to clean up the Walkway.[1]

At the hearing on the summary judgment motion, counsel for Wooten asserted multiple facts that Wooten had not identified in her separate statement of disputed facts. Counsel argued that the "pathway does lead to a concert venue, but it is also noted in the deposition of Jose Canedo, who is the employee to the San Bernardino parks, that there is gates on the pedestrian pathway that basically he said himself that the times that he's there, it's actually closed off. So people can't really use that gate, for people that go into the park, they can't use that gate to, or the gate blocks them from using that pedestrian pathway from going anywhere."

"And really, the only time it was actually used for an annual picnic, which is like I think once out of the year and probably one of, oh, and the Boy Scouts event. So basically, two events in the entire year in which someone from that park and adjacent parking lot can actually even access the park. But basically, 90 percent of the other times, 95 percent of the other times, that gate is actually closed. So people couldn't go from the parking lot or from the park itself to travel upwards on the north, on the pedestrian way to get anywhere, because all the gates are closed."

---

[1] Live Nation also opposed summary judgment but has not appealed the court's ruling.

Counsel continued, "they said it themselves in their deposition that, he says, one second. It's a paid admission park, so it keeps people from really walking in from the parking lot. The fence on the parking lot side puts, guides people to walk from the other parking lot into the park. So they don't walk into the parking lot, and event goers, preventing them from just walking through the park for an event and post event. And they said it so many times that that gate is actually, it's locked to prevent ingress and egress from the park. And he said it himself. He works there, you know, almost on a weekly basis, he said those gates are closed. So not on any day can someone say, you know what, I'm going to take this path. Because that path, on a closed day, will just lead right back to the parking lot at the very end since all the gates are closed." Counsel concluded, "so I don't think trail immunity here applies based off of just two events that not the general public even goes to."

Counsel provided no evidence and cited no legal authorities for his statements.

The County objected that Wooten had not raised any of this in her separate statement of disputed facts, the County had not addressed it, and the court should not consider it.

Following argument by the parties, the court confirmed its tentative order granting summary judgment to the County. It relied on the following undisputed material facts:

"3. Plaintiff walked on a pedestrian walkway on the north edge of the park to reach the amphitheater. Plaintiff fell while walking on the pedestrian walkway. (Undisputed Material Fact (UMF) 3.)

6. Plaintiff tripped and fell on a portion of the walkway which contained broken asphalt. (UMF 6.)

5

15. The pedestrian walkway where Plaintiff tripped-and-fell is located within the Glen Helen Regional Park and is used by park guests to access the amenities within the park. (UMF 15.)

16. Amenities at the Glen Helen Regional Park include, but are not limited to, Glen Helen Lake, the Glen Helen Swimming Complex, picnic areas, children's jungle gyms, and the Glen Helen Amphitheater. (UMF 16.)

17. The pedestrian walkway where Plaintiff tripped-and-fell is not a road, street or highway." (UMF 17.)

The court also relied on the County's exhibits 1 through 4, consisting of portions of Wooten's deposition, a Google map showing the location of Wooten's fall, a photo of the location, and a declaration by Jose Canedo, the County's Deputy Director of the Regional Parks Department.

The court ruled that though the County did not plead trail immunity as an affirmative defense in its answer, Wooten alleged sufficient facts in her complaint to support the defense and the parties had the opportunity to address the substance of the defense in summary judgment proceedings.

The court also ruled that Civil Code section 846, which denies a property owner immunity where permission to enter for recreational purposes was granted for consideration, did not apply to public entities. The court denied summary judgment to County on the Walkway's not being a dangerous condition and overruled co-defendant Live Nation's objection to the photograph of the Walkway submitted by the County.

The court granted summary judgment "because the undisputed facts demonstrate that trail immunity under Government Code section 831.4 is a complete defense to Plaintiff's claim against the County." The court explained that trial immunity applied because the property "was a walkway used to get to various places within the Glen Helen recreational area,

6

including getting to the stadium. And it was helping the multiple guests get to various places throughout the park. And there was really no dispute that [Wooten] was on a trail used to reach a recreational activity when [she] became injured."

Wooten timely appealed.

## DISCUSSION

### A. *Standard of Review*

"The standard of review for an order granting a motion for summary judgment is de novo. [Citation.] The trial court's stated reasons for granting summary judgment are not binding on the reviewing court, 'which reviews the trial courts' ruling, not its rationale.' " (*Burgueno v. Regents of University of California* (2015) 243 Cal.App.4th 1052, 1057 (*Burgueno*); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 860 (*Aguilar*.)

"There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar, supra,* 25 Cal.4th at p. 850.) "[A] party ' "cannot avoid summary judgment by asserting facts based on mere speculation and conjecture, but instead must produce admissible evidence raising a triable issue of fact." ' " (*Burgueno, supra*, 243 Cal.App.4th at p. 1057.)

Issues not presented to the trial court are considered waived on appeal. (*Royster v. Montanez* (1982) 134 Cal.App.3d 362, 367 (*Royster*).) Specific to our review of summary judgment, "[i]t is a well-established rule that a summary judgment must be reviewed on the basis of the papers filed at the time the court considered the motion." (*Ibid.*; *Maxwell v. Colburn* (1980) 105 Cal.App.3d 180, 185.)

Even though our review is de novo, "[o]n appeal our review is limited to the facts shown in the documents presented to the trial judge in making our independent determination of their construction and effect as a matter of law." (*Bonus-Built, Inc. v. United Grocers, Ltd.* (1982) 136 Cal.App.3d 429, 442 (*Bonus-Built*).) Put more plainly, facts not contained in the separate statement of disputed material facts simply "do not exist" for the reviewing court. (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 978 (*Kim*).)

An appellant's failure to challenge a trial court's ruling in a separate argument heading and analysis results in waiver. (*Roe v. McDonald's Corp.* (2005) 129 Cal.App.4th 1107, 1114 (*Roe*); Cal. Rules of Court, rule 8.883(a)(1)(A) [appellate briefs must state each point under a separate heading].) "Moreover, '[a]n issue merely raised by a party without any argument or authority is deemed to be without foundation and requires no discussion.' " (*Roe,* at p. 1114.)

B. *Analysis*

Wooten does not appeal any of the court's stated factual and legal grounds for granting summary judgment. Instead Wooten presents an issue that she failed to adequately raise and support in the trial court and has thus waived. Wooten contends that "there existed an evidentiary dispute that the subject premises consisted of a trail open to the public," claiming "the court overlooked evidence that the subject area was not open to the public at all times, and in fact was maintained in a closed state except for deliveries."

The trial court did not overlook such evidence—Wooten simply failed to present any. Wooten's evidentiary dispute on appeal appears to be a summary of multiple facts counsel asserted at oral argument below. None of these points, in whole or in part, were listed as a disputed fact in Wooten's separate statement as required by Code of Civil Procedure section 437c,

8

subdivision (b)(3). (Code Civ. Proc. § 437c, subd. (b)(3).) This failure, alone, would have permitted the court to grant summary judgment to the County. (*Ibid*.) Wooten's opposition below set forth no argument about closure of the Walkway. It cited no legal authority or evidence in support and attached no exhibits on this topic. Other than the undisputed fact that Wooten was on the Walkway heading to the Amphitheatre at the time she fell, there was no evidence as to what other times the Walkway was open or not open.

On appeal Wooten cites Canedo's deposition testimony extensively. Wooten provided 17 selected pages of Canedo's testimony in the Appellant's Appendix. None of these excerpts were attached to his opposition papers below. They should not have been included in the appellate record and we disregard them. (*Royster, supra,* 134 Cal.App.3d at 397 ["a summary judgment must be reviewed on the basis of the papers filed at the time the court considered the motion"].) At the time of the motion, the only evidence in the record from Canedo came from the County, which provided the court with Canedo's declaration. That declaration contained no references to gates in the Walkway fence.

In Appellant's reply brief, Wooten asserts that "the summary judgment hearing confirms the court addressed Appellant's gate/fence argument based on Canedo's testimony and rejected it." We have reviewed the summary judgment hearing transcript and find no indication that the court addressed and ruled on Wooten's argument. Rather, the court provided counsel with its tentative ruling before Wooten's counsel addressed the court, and after the arguments the court adopted its tentative ruling.

Wooten further suggests in her reply brief that the doctrine of waiver does not preclude "de novo review of a pure legal issue presented." Wooten cites no legal authority in support of this claim and we therefore deem it

without foundation and requiring no discussion. (*Roe, supra*, 129 Cal.App.4th at p. 1114.) Moreover, Wooten failed to present evidence to support her legal argument. In any case, as is clear from the authorities cited above, Wooten's view of de novo review is incorrect. (See *Bonus-Built, supra,* 136 Cal.App.3d at 442; *Kim, supra,* 17 Cal.App.4th at p. 978.)

By failing to properly raise and support this issue below, Wooten waived the argument on appeal that trail immunity does not apply because the Walkway was not kept open to the public at all times. (*Royster, supra,* 134 Cal.App.3d at 367.) Further, we note no aspect of the court's ruling is before us because Wooten failed to develop separate arguments under separate headings to challenge the ruling, and we do not address it. (*Roe, supra*, 129 Cal.App.4th at p. 1114; Cal Rules of Court, rule 8.883(a)(1)(A).)

DISPOSITION

The summary judgment is affirmed. The County shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

O'ROURKE, Acting P. J.

I CONCUR IN THE RESULT:

DO, J.

I CONCUR:

CASTILLO, J.